IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



AARON A. WITTS,

    Petitioner,

v.                                  Civil Action No. 3:12CV661

KEITH W. DAVIS,

    Respondent.

**MEMORANDUM OPINION**

Aaron Witts, a Virginia state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition"). Respondent moves to dismiss on the grounds that, inter alia, the one-year statute of limitations governing federal habeas petitions bars consideration of the § 2254 Petition. Witts has not responded. The matter is ripe for disposition.

### I. PROCEDURAL HISTORY

#### A. State Proceedings

The Circuit Court of the City of Hampton, Virginia ("Circuit Court") convicted Witts of child abuse and aggravated malicious wounding and entered final judgment on May 4, 2006. Commonwealth v. Witts, No. 05-612, at 1 (Va. Cir. Ct. May 4, 2006). Witts appealed, and on June 25, 2007, the Supreme Court



of Virginia ("Supreme Court") refused Witts's petition for appeal. Witts v. Commonwealth, No. 070363 (Va. June 25, 2007).

Witts filed a petition for a writ of habeas corpus in the Supreme Court on June 23, 2008. Petition for Writ of Habeas Corpus at 1, Witts v. Dir. of the Dep't of Corr., No. 081192 (Va. filed June 23, 2008). The Supreme Court dismissed the petition on December 3, 2008, Witts v. Dir. of the Dep't of Corr., No. 081192, at 10 (Va. Dec. 3, 2008), and denied Witts's petition for a rehearing on March 9, 2009. Witts v. Dir. of the Dep't of Corr., No. 081192, at 1 (Va. Mar. 9, 2009).

Witts subsequently filed a motion for a writ of coram vobis[1] in the Circuit Court on December 28, 2011. Motion for Writ of Coram Vobis, Witts v. Commonwealth, No. CL12-47-00 (Va. Cir. Ct. filed Dec. 28, 2011). The Circuit Court denied the motion on April 10, 2012. Witts v. Commonwealth, No. CL12-47, at 2 (Va. Cir. Ct. Apr. 10, 2012).

Witts filed another petition for a writ of habeas corpus in the Supreme Court on May 11, 2012. Petition for Writ of Habeas Corpus, Witts v. Warden of Deerfield Corr. Ctr., No. 120844 (Va. filed May 11, 2012). The Supreme Court

---

[1] In Virginia, by statute, a "writ of error coram vobis" is the proper form of action to correct any clerical errors or errors in fact for which a judgment may be reversed or corrected. Va. Code Ann. § 8.01-677.

2

dismissed the petition on June 13, 2012 as, inter alia, untimely under Virginia Code § 8.01-654(A)(2).[2] Witts v. Warden of Deerfield Corr. Ctr., No. 120844, at 1 (Va. June 13, 2012).

**B. Federal Habeas Petition**

On August 1, 2012, Witts filed his § 2254 Petition in this Court.[3] In his § 2254 Petition, Witts contends:

| | |
|---|---|
| Claim One: | The Circuit Court sentenced Witts for child abuse of his child when he was in fact trying to save her life. |
| Claim Two: | The Circuit Court wrongfully convicted Witts of aggravated maiming;[4] |
| Claim Three: | The Court of Appeals of Virginia erroneously denied Witts's appeal. Witts's attorney should have objected to the evidence at trial, including Witts's testimony in court. Two of the judges who heard Witts's appeal in the Court of Appeals of Virginia had no jurisdiction to do so, which violated Witts's right to a fair hearing on appeal; |

---

[2] The statute provides, in pertinent part, that "[a] petition for writ of habeas corpus . . . shall be brought within one year after the cause of action accrues." Va. Code Ann. § 8.01-654(A)(2) (West 2012).

[3] The Court deems the § 2254 Petition filed on the date Witts swears he placed the petition in the prison mailing system. Houston v. Lack, 487 U.S. 266, 276 (1988).

[4] Both Witts's § 2254 Petition and the Circuit Court's criminal order refer to Witts's conviction for violating § 18.2-51.2 of the Virginia Code as "aggravated maiming," however the statutory title of § 18.2-51.2 at the time of Witts's conviction was "aggravated malicious wounding." Va. Code Ann. § 18.2-51.2 (West 2005).

Claim Four: The Circuit Court issued Witts's arrest warrant for a class four felony, which the sentencing guidelines recommend imposing a shorter sentence for than the sentence Witts received at trial, thereby violating Witts's right to be free from cruel and unusual punishment. Witts's attorney's failure to inform the Circuit Court that Witts did not intend to harm his child, but only intended to save his child's life, constituted ineffective assistance of counsel;

Claim Five: The Circuit Court violated Witts's statutory and constitutional right to a speedy trial,[5] and Witts's attorney's failure to file a motion for a speedy trial constituted ineffective assistance of counsel. The Commonwealth's Attorney violated Witts's rights to due process of law;

Claim Six: The judge who sentenced Witts lacked jurisdiction because the judge who convicted Witts was a different judge;

Claim Seven: Witts's attorney's failure to convince the Circuit Court that insufficient evidence supported Witts's guilt beyond a reasonable doubt constituted ineffective assistance of counsel;

Claim Eight: Witts's attorney's lack of pretrial case investigation constituted ineffective assistance of counsel;

Claim Nine: The admission at trial of Witts's January 7, 2005 statement violated his

---

[5] "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." U.S. Const. amend. VI.

|  |  |
|---|---|
|  | Fifth[6] and Fourteenth Amendment[7] rights, as well as his state constitutional right to have counsel present during questioning; and |
| Claim Ten: | Both Witts's attorney and the Commonwealth's attorney violated his Fourteenth Amendment right to a fair trial. |

## II. ANALYSIS

### A. Statute Of Limitations

Respondent contends that the federal statute of limitations bars consideration of Witts's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for filing a petition for a writ of habeas corpus by persons in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

---

[6] "No person shall be shall be compelled . . . in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. V.

[7] "No state shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

5

 **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

 **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

 **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**2.** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B. Commencement Of The Statute Of Limitations Under 28 U.S.C. § 2244(d)(1)(A)**

Witts's judgment became final on Monday, September 24, 2007, the date on which the time to file a petition for a writ of certiorari to the United States Supreme Court expired. <u>Hill v. Braxton</u>, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state

6

conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); see Sup. Ct. R. 13(1) (petition for certiorari should be filed within ninety days of entry of judgment by state court of last resort or of the order denying discretionary review). The limitation period began to run the next day, see Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000), and 272 days of the limitation period elapsed before Witts filed his state petition for habeas corpus on Monday, June 23, 2008.

C. **Statutory Tolling**

Here, the limitation period remained tolled until Monday, March 9, 2009, the date on which the Supreme Court denied Witts's petition for a rehearing on his previously-dismissed habeas petition. See 28 U.S.C. 2244(d)(2). At that time, Witts had ninety-three days, or until June 11, 2009, to file his § 2254 Petition. He failed to do so.

Witts pursued additional post-conviction relief by filing a petition for a writ of coram vobis with the Circuit Court in 2011, and a second petition for habeas corpus with the Supreme Court in 2012. However, the filing of a petition in either court fails to further toll the limitation period because Witts filed both petitions well after the remaining time in the limitation period had lapsed. See Deville v. Johnson,

No. 1:09cv72(CMH/TRJ), 2010 WL 148148, at *2 (E.D. Va. Jan. 12, 2010) (citing Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)). Thus, the federal statute of limitations bars consideration of the § 2254 Petition unless Witts demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)-(D) or equitable tolling. Neither Witts's petition nor the record suggests any plausible basis for belated commencement or equitable tolling of the limitation period.[8]

Accordingly, Respondent's Motion to Dismiss will be granted. The § 2254 Petition will be denied and the action will be dismissed.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This

---

[8] Witts nonetheless argues that his claims challenging the jurisdiction of the Circuit Court can be raised at any time. See § 2254 Pet. 13-14 9 (citing four Virginia Supreme Court decisions). However, it is clear that such state jurisdictional claims "are not exempted from the statute of limitations." Williams v. Clarke, No. 3:12CV527, 2013 WL 3874646, at *7 n.11 (E.D. Va. July 25, 2013) (citing United States v. Scruggs, 691 F.3d 660, 666 n.13 (5th Cir. 2012); Jones v. Johnson, No. 3:08CV683-HEH, 2009 WL 1975027, at *2 (E.D. Va. July 2, 2009)).

requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (some internal quotation marks omitted) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Witts is entitled to further consideration in this matter. A COA will therefore be denied.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion to Witts and counsel for Respondent.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 17, 2013